Reese, J.:
This case falls within the principle of Smith et al. v. Dickinson, 6 Humphreys, 261, and Turbeville v. Ryan, 1 Humphreys, 118. Before the plaintiff can make the defendants liable, he must show that the agent had authority by deed to fill the blank in the instrument. The fact that this is by statute a negotiable instrument, does not put it upon the footing of negotiable instruments with respect to the authority to execute.
Judgment affirmed.
3. Private seals abolished.
Since the above decisions about sealed instruments, it is provided by statute (Code, sec. 3213) that the use of private seals in wj-itten contracts, except the seals of corporations, is abolished, and the use of such seal does not affect the character of such contract in any respect.
4. Seals of corporations.
The seal of a corporation implies authority, and is required to be affixed to its deed of conveyance of real estate. Notes 2 and 5 under sec. 3213 of Code.